# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FINANSRESURS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 2:15-cv-01616-JHE |
| EVOLUTION GAMING INTERNATIONAL, LLC, | ) |
| Defendant | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff FinansResurs, LLC ("FinansResurs") initiated this action against Defendant Evolution Gaming International, LLC ("Evolution Gaming") alleging state law claims for monies owned on an account stated and unjust enrichment. (Docs. 1). Evolution Gaming moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and alternatively requests FinansResurs be required to file a more definite statement of its claims. (Doc. 12). FinansResurs opposes the motion to dismiss/for a more definite statement, stating there is no reasonable basis for the motion, and moves for an award of costs and fees pursuant to 28 U.S.C. § 1927, and other sanctions purpose to Rule 11. (Doc. 15). Although counsel for Evolution Gaming has filed a motion to withdraw, (doc. 18), counsel responded to the motion for sanctions, (doc. 21).

---

[1] The parties have consented to have a United States magistrate judge conduct all further proceedings in this action pursuant to 28 U.S.C. §636(c).  (Doc. 25).

I. Analysis

A. **Motion to Dismiss**

    1. **Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678.  (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement."  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

2. **Analysis**

In the complaint FinansResurs states Evolution Gaming is required by pay FinansResurs $87,954.00, and that Evolution Gaming has admitted and affirmed this debt, but refused to pay the money owed.  (Doc. 1 at ¶¶5-7; doc. 1-1; doc. 1-2).  FinansResurs sets forth two counts: (1) a claim for monies owed on an account stated, and (2) unjust enrichment.  (Doc. 1).  The relevant law provides that "[a] *prima facie* case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability." *Univ. of S. Ala. v. Bracy*, 466 So. 2d 148, 150 (Ala. Civ. App. 1985).  Furthermore, a claim for unjust enrichment is premised on a "showing that defendant holds money which, in equity and good conscience belongs to plaintiff."  *Hancock-Hazlett Gen. Constr. Co. v. Turner Co.*, 499 So. 2d 1385, 1387 (Ala. 1986).  The allegations in the complaint are not vague and, when taken as true, clearly establish the asserted claims.

> FinansResurs has expressly averred as follows:
>
> Plaintiff, FinansResurs, invested in the Defendant's business and provided products and services to the Defendant, and in exchange the Defendant agreed to pay FinansResurs a percentage of the gross net revenue from the sales, and **guaranteed the payment of the Plaintiff's initial investment within twelve (12) months of the initial investment.**
>
> On August 31, 2014, the **Defendant confirmed that the Plaintiff had fulfilled all of its obligations in a timely manner, and acknowledged that the Defendant was indebted to and obligated to pay the Plaintiff not less than Eighty-Seven Thousand Nine Hundred Fifty-Four and no/100 ($87,954.00) Dollars, not including accrued interest.**

(Doc. 1 at ¶¶5-6) (emphasis added).

> **The Plaintiff, FinansResurs, claims of the Defendant the sum of $87,954.00 due by account stated**, which sum of money, with interest thereon, is due and unpaid. Attached hereto as Exhibit "A" and

> incorporated by reference herein is the Defendant's letter of August 31, 2014 acknowledging that it is indebted to and obligated to pay the Plaintiff not less than $87,954.00, not including accrued interest.
>
> FinansResurs has requested on many occasions that the Defendant pay these sums. However, Defendant has refused, and continues to refuse, to pay FinansResurs for the amounts obligated by the Defendant.
>
> This Count is brought on an affidavit of competent witness, attached hereto as Exhibit "B" and incorporated by reference herein.

(*Id*. at ¶¶ 9-11) (emphasis added).

> FinansResurs made payments to the Defendant, which thereby enriched the Defendant.
>
> The enrichment was at FinansResurs' expense.
>
> The Defendant accepts and retains the conferred benefit.
>
> Under the circumstances, it would be inequitable for the Defendant to retain the benefit without paying for it.

(*Id.* at ¶¶14-17).   Additionally, FinansResurs incorporated Exhibits A and B into its complaint.

(Doc. 1 at 6-8).   Exhibit A is a memorandum of debt from Evolution Gaming stating as follows:

> We hereby acknowledge and con firm that as of the 31st day of August 2014 our outstanding debt (not included accrued interest) to FinansResurs LLC is:
>
>     1. [$]60,600 (sixty thousand six hundred) USD – under the Agreement signed Sept.1, 2013.
>
>     2. [$] 2354 (two thousand three hundred fifty four) USD – under the Agreement signed Nov. 1, 2013.
>
> We also confirm that on 20th November 2014 our debt (not including accrued interest) to FinansResurs LLC under the Agreement signed 20th November 2013 will be no less than [$]25,000 (twenty five thousand) USD.

(Doc. 1 at 6).   Exhibit B is an affidavit from FinansResurs' Executive Vice President of Business Development declaring "FinansResurs, LLC has an account and claim against Evolution Gaming

International, LLC in the principal sum of $87,954.00 [=60,600 + $2,354 + $25,000 admitted by Plaintiff in Ex. A], plus interest that is due, owing and unpaid." (Doc. 1 at 7, ¶3).

FinansResurs' complaint contains requisite factual detail to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); FED. R. CIV. P. 8(a). FinansResurs is seeking payment of a debt Evolution Gaming has already acknowledged it owes, but which it has refused to pay totaling the amount specified in the complaint and supporting documents. (Doc. 1 at ¶¶5-17; doc. 1-1; doc. 1-2). Furthermore, to the extent Evolution Gaming challenges "the jurisdictional prerequisite of $75,000," the complaint expressly alleges the principal amount of the debt owed is $87,954.00. (Doc. 1 at ¶¶6, 9). Therefore, Evolution Gaming's motion to dismiss or, in the alternative, motion for a more definite statement, (doc. 12), is **DENIED**. Evolution Gaming is **DIRECTED** to answer the complaint by **April 1, 2016**.

### B. Motion for Sanctions

FinansResurs moves for an award of costs and fees pursuant to 28 U.S.C. § 1927, and other appropriate sanctions under Rule 11, arguing there is no reasonable basis for Evolution Gaming's motion to dismiss. (Doc. 15). FinansResurs contends Evolution Gaming's motion to dismiss/for a more definite statement is meritless and counsel for Evolution Gaming submitted the motion for no other purpose other than to harass and cause needless delay. (*Id.*).

A filing violates Rule 11 when it makes contentions unwarranted by either fact or law, or a pleading is submitted in bad faith for an improper purpose. FED. R. CIV. P. 11. "The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances,' a standard 'more stringent than the original good-faith formula.'" *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc) (quoting Advisory Committee Note); *Jones v. Int'l Riding Helmets,*

*Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995).  28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Although the motion to dismiss is clearly due to be denied (for the reasons outlined *supra*), counsel for Evolution Gaming asserts they submitted the motion to dismiss because they questioned the "content and authenticity" of FinansResurs supporting documents and because there may be "offsets" to lower the actual debt owed below the jurisdictional amount.  (Doc. 21 at 2).  Not only did counsel fail to make these arguments in their motion to dismiss, but neither of these arguments would support a motion to dismiss.  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In other words, the "facts" are taken directly from the complaint.  Evolution Gaming's arguments about authenticity and offset, an affirmative defense, are not appropriate at this stage of the litigation.

Although counsel for Evolution Gaming may have violated Rule 11, the undersigned finds no indication of vexatious intention at this stage of the litigation.  Accordingly, the undersigned declines to impose monetary or other sanctions, and the motion for sanctions, (doc. 15), is **DENIED**.

### C. Motion to Withdraw

On January 15, 2016, the undersigned held a hearing to discuss the motion to withdraw.  Although the undersigned informed the representative for Evolution Gaming of some of the

usual implications that would result upon granting the motion to withdraw, he did not explicitly address the fact that Evolution Gaming is an LLC – a limited liability company – and, as an artificial entity that can act solely through its agents, cannot appear *pro se* and must be represented by counsel.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985), cert. denied, 474 U.S. 1058 (1986); *Streeter v. Office of Douglas R. Burgess, LLC*, 2008 WL 508456 (M.D. Ala.,2008) (holding while the individual defendant could proceed *pro se*, the limited liability company was required to have representation by counsel)

Accordingly, the motion to withdraw, (doc. 15), must be **DENIED** at this time.  However, the undersigned will grant a motion to withdraw upon receipt of a notice of appearance by other counsel.  **Evolution Gaming has thirty days (30) to inform the court of his efforts to obtain new counsel.**

DONE this 2nd day of February 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE